IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEELEY OLSON, *et al.*,

    Plaintiffs,

v.

A.R.T. INSTITUTE OF WASHINGTON, INC., *et al.*,

    Defendants.

Case No.: 8:24-cv-00437-PX

**MEMORANDUM OPINION**

Pending in this medical malpractice action are the motions to dismiss filed by the United States (ECF No. 34) and by Drs. Jacques Cohen and Aidita James (ECF No. 29), who alternatively move for summary judgment. The motions are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motions to dismiss are GRANTED.

**I.    Background**

The case was the subject of the Court's prior Memorandum Opinion and Order, so the Court will not repeat the matters previously discussed in detail. ECF Nos. 25 & 26. Plaintiffs Keeley and Dustin Olson ("the Olsons") maintain that Defendants are liable for gross negligence, medical malpractice, and breach of contract, arising from an in vitro fertility procedure gone awry. The Olsons already had two children who suffer from a rare and fatal genetic disorder known as Duchenne Muscular Dystrophy ("DMD"). ECF No. 27 ¶ 6. When they decided to have a third child, they underwent in vitro fertilization combined with preimplantation genetic diagnostics to ensure that any embryo ultimately transferred to Keeley would be free of any genetic diseases. *Id.* ¶ 8. Although the I.V.F. procedure produced several healthy embryos, it also resulted in several

unhealthy ones. *Id.* ¶ 13. Ultimately, and regrettably, during a June 2020 embryo transfer, Keeley received one of the embryos afflicted with DMD. *Id.* ¶ 24. After the error was discovered, Keeley elected to terminate the pregnancy. *Id.* ¶ 37. This lawsuit followed.

The Olsons originally sued Dr. Micha Hill, D.O. ("Dr. Hill"), an obstetrician and gynecologist ("OB/GYN") employed by Walter Reed National Military Medical Center ("Walter Reed") for negligence and breach of contract. ECF No. 1. They also sued the in vitro provider, A.R.T. Institute of Washington ("A.R.T."), A.R.T.'s CEO, Dr. Cohen, and A.R.T. physician, Dr. James. *Id.* ¶¶ 37–47. The Court dismissed the claims against Walter Reed for lack of jurisdiction. ECF Nos. 25 & 26. The Court also dismissed the claims against Drs. Cohen, James and Hill for failure to state a claim, but permitted the Olsons to move for leave to amend the Complaint to cure the pleading deficiencies. *Id.*

The Olsons subsequently amended the Complaint but made precious few material changes. *See* ECF No. 27-1 (redline version of Amended Complaint). They add only that Dr. Hill, as Keeley's "OB/GYN," referred the couple to A.R.T. They also allege, with no detail, that Dr. Hill "failed to review the blastocyst planned for transfer to confirm that it was unaffected by DMD" prior to implantation. ECF No. 27 ¶ 21; s*ee also id.* ¶ 23 (Hill, "treated Keeley as if she was undergoing a simple I.V.F. blastocyst transfer and failed to take any additional step to check which blastocyst was being transferred."). The Complaint further avers that Dr. Hill "actually transferred" the affected embryo and subsequently admitted that he "did not check or verify in any way whether the embryo being transferred was affected by DMD." *Id.* ¶ 27. Yet at the same time, the Amended Complaint avers that "the embryologists for A.R.T," —not Dr. Hill—"negligently selected" the affected embryo for implantation. *Id.* ¶ 28. The Amended Complaint also faults A.R.T. for generally contravening the "medical standard" applicable to "genetic testing labs" that

requires the destruction of "affected embryos" so to prevent mistaken transfers. *Id.* ¶ 15. Last, the Amended Complaint adds a claim, entitled "Respondeat Superior," against Walter Reed based on the allegations against Dr. Hill. *Id.* ¶¶ 64–67.

Thereafter, A.R.T. answered the Amended Complaint, ECF No. 33. The United States on behalf of Dr. Hill moved to dismiss the Amended Complaint principally for failure to state a claim. ECF No. 34. Likewise, Drs. Cohen and James moved to dismiss the claims because the Amended Complaint made no attempt to cure the pleading deficiencies as to either of them. ECF No. 29. The Court addresses the arguments separately.

## II.   Standard of Review

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the complaint includes facts sufficient to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A plaintiff must plead facts to support each element of the claim to satisfy the standard. *See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). In so assessing, the Court takes as true all well-pleaded factual allegations and makes all reasonable inferences in the plaintiff's favor. *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Court does not credit conclusory statements or legal conclusions, even when couched as allegations of fact. *See Iqbal*, 556 U.S. 678–79; *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

## III.   Analysis

### A.  Drs. Cohen and James

As to Drs. Cohen and James, the Amended Complaint differs not at all from the original pleading. Although both the original and amended pleading sue the doctors for gross negligence

and medical malpractice (Counts I & II), the Olsons have added not one fact to make either claim plausible as to Drs. Cohen and James. *See* ECF No. 27-1 (redline version of Amended Complaint). The pleading deficiencies remain, and so the claims against both doctors are dismissed with prejudice.

### B. Dr. Hill

Next as to Dr. Hill, the United States principally contends that neither negligence claim (Counts I or II) survive because the Amended Complaint fails to aver what, if any applicable standard of care Dr. Hill had violated in connection with the embryo transfer. ECF No. 34-1 at 6. Although ordinary negligence and gross negligence are distinct causes of action under Maryland law, both require, at minimum, a plausible factual showing that the defendant breached a duty of care and proximately caused the plaintiff's injuries. *See Barbre v. Pope*, 402 Md. 157, 187 (2007); *Cooper v. Rodriguez*, 443 Md. 680, 708 (2015). In the medical malpractice context, the complaint must make plausible that the defendant was subject to an applicable standard of care which he breached, and that the breach was the cause and proximate cause of the plaintiff's injury. *See Adventist Healthcare, Inc. v. Mattingly*, 244 Md. App. 259, 283 (2020) ("To prove causation, the [plaintiff] ha[s] to establish that but for the negligence of the defendant, the injury would not have occurred."); *see also Harris-Reese v. United States*, 615 F. Supp. 3d 336, 367 (D. Md. 2022) ("Physicians owe a duty 'to use that degree of care and skill which is expected of a reasonably competent practitioner in the same class to which [the physician] belongs, acting in the same or similar circumstances . . . .'") (quoting *Shilkret v. Annapolis Emergency Hosp.*, 276 Md. 187, 201 (1975)).

When viewing the complaint facts most favorably to the Olsons, nothing makes plausible what standard governed Dr. Hill's provision of care. As Keeley's "OB/GYN," it is not at all clear

to the Court that he was responsible for "checking" the status of the to-be-transferred embryo. ECF No. 27. Indeed, as the Amended Complaint avers, A.R.T. and its embryologists had been responsible for the I.V.F. process which included the pre-implantation diagnostics. ECF No. 27 ¶ 28. Absent a more particular articulation of what standard applies to a reasonably well-trained OB/GYN in this context, the Court cannot assume that he had any obligation to "check" the status of the embryo. Nor can the Court speculate as to whether Dr. Hill's acts or omissions in failing to perform some nonspecific "check" fell below the standard of care *and* proximately caused the wrongful transfer.

In response, the Olsons simply argue that they have articulated the proper standard of care. ECF No. 35. They have not. This is because nothing in the Amended Complaint makes plausible what, if anything, the involved OB/GYN must do to confirm the genetic composition of a blastocyst. This is especially so given that A.R.T. was responsible for *discarding* the embryos affected with DMD in advance of any transfer. ECF No. 27 ¶ 14–16. It stands to reason, then, that if A.R.T. bore responsibility for destroying affected embryos, then Dr. Hill's role would not necessarily require him to "check" the same. Suffice to say, without a more particularized articulation of what constitutes the requisite embryo "check" for which a reasonably well-trained OB/GYN is responsible in this context, and how Dr. Hill's performance fell below that standard, the negligence claims fail as to him.

Plaintiffs also bring the negligence claims against Walter Reed based on the actions of its employees. ECF No. 27 ¶¶ 64–67. A hospital may be liable for the tortious acts of its employees acting within the scope of their employment. *See Williams v. Dimensions Health Corp.*, 480 Md. 24, 37–39 (2022); Restatement (Second) of Agency § 219. However, the Amended Complaint names only one Walter Reed employee—Dr. Hill—and, as discussed above, fails to state a claim

5

against him. The Amended Complaint offers no facts to suggest that any unnamed employee committed an act of medical negligence within the scope of their employment at Walter Reed. Accordingly, Counts One and Two are dismissed as to both Dr. Hill and Walter Reed.[1]

As to the breach of contract claim against Walter Reed (Count III), it too must be dismissed. The Olsons agree that this claim can solely be pursued in the United States Court of Federal Claims. ECF No. 36 at 8. Thus, this Court lacks jurisdiction to hear the claim. *See Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 578 (4th Cir. 2017).

Last as to Count IV, "respondeat superior" is not an independent cause of action, nor a cognizable legal claim. *See Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F. Supp. 2d 577, 601 (D. Md. 2013) ("[R]espondeat superior is not a separate cause of action"); *Alford v. Genesis Healthcare*, Civ. No. RDB-05-3278, 2007 WL 1073725, at *4 (D. Md. Apr. 9, 2007) (same). Count IV is, therefore, dismissed.

### IV.     Dismissal With or Without Prejudice

The Court has previously granted the Olsons full opportunity to cure the pleading defects, ECF Nos. 25 & 26, but they have failed to do so. The negligence claims remain wholly deficient, and "respondeat superior" is not a proper cause of action. Accordingly, the Court dismisses Counts I, II and IV against all Defendants with prejudice. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (citation omitted); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974

---

[1] Even assuming the Olsons had adequately alleged a breach of the applicable standard of care, their tort claims against the United States must be dismissed as untimely under the Federal Tort Claims Act ("FTCA"). The FTCA requires a claimant to present the claim to the appropriate federal agency within two years from the date the claim accrues, and next to file suit in federal court within six months of the agency's final decision. *See* 28 U.S.C. § 2401(b); *Lucas v. United States*, No. DKC-14-2032, 2016 WL 1446782, at *1 (D. Md. Apr. 14, 2016). The Olsons submitted an administrative claim on May 10, 2022, which the Department of the Navy denied by letter dated May 18, 2022. ECF No. 36-1 at 2 & 99–100. Yet the Olsons did not file this action until eighteen months later, on November 6, 2023, and in state, rather than federal, court. ECF No. 1. Although the Supreme Court has recognized that the FTCA's filing deadlines may be equitably tolled in rare circumstances, *United States v. Wong*, 575 U.S. 402, 412–13 (2015), the Olsons fail to allege any basis for such relief. *See also Raplee v. United States*, No. PWG-13-1318, 2015 WL 9412520, at *2 (D. Md. Dec. 22, 2015). Accordingly, the claims are also time-barred.

(4th Cir. 1985). *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (finding district court did not abuse discretion in dismissing complaint with prejudice where "amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability"). Because the breach of contract claim (Count III) as to the United States is dismissed for lack of jurisdiction, it will be without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

## V.     Conclusion

For the foregoing reasons, the Court GRANTS the motions to dismiss, and dismisses all claims against the United States, Dr. Cohen, and Dr. James. ECF Nos. 29 & 34. A separate Order follows.

June 30, 2025                                                                                     /s/
Date                                                                                      Paula Xinis
                                                                                      United States District Judge